PETRIE v. COLUMBIA & GREENVILLE R. R. COMPANY.

1. In settling a case for appeal, the Circuit Judge may state his rulings and the facts bearing upon the exceptions taken, even as to matters not disputed by opposing counsel.

2. Statements made by the employees of a railroad company, on the train, after the killing of a person on the track, are not admissible to prove negligence in such killing, these statements not being part of the *res gestae*, nor declarations of agents within the scope of their agency.

3. Plaintiff has the right at any stage of his examination of witnesses, to call for the reading of the testimony of a witness produced by defendant and examined and cross-examined before a notary public under the act of 1883. A refusal by the Circuit Judge to accord this right, is good ground for vacating an order of non-suit.

4. The order in which a party shall adduce his testimony, when competent, should be left to the judgment of the party and of his counsel.

Before HUDSON, J., Spartanburg, September, 1886.

The opinion states the case.

*Mr. J. S. R. Thomson*, for appellant.

*Messrs. Duncan & Sanders*, contra.

June 29, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. This action was brought by the plaintiff, as administrator of Margaret W. Petrie, to recover damages in behalf of her children, for injury sustained by them by reason of her death, which was alleged to have been caused by the negligence of the defendant company. The testimony on the part of the plaintiff tended to show that the deceased was quite an old widowed lady, residing with her son-in-law, very near the track of the railroad company, and that she was killed by a passenger train while attempting to cross the railroad track near the house in which she resided. In the progress of the testimony the plaintiff proposed to offer in evidence the testimony of a witness which had been taken by a notary public, at the instance of the defendant, under the provisions of the act of 1883, when, according to the notes of the stenographer, the court ruled as follows : "I don't think you can introduce testimony that was taken by the defence, and is a part of the defence at this time. If there be any evidence of that sort in court, and the opposite party do not use it, then that is different." To which ruling the plaintiff duly excepted. The plaintiff also proposed to ask a witness who was

on the train when the disaster occurred, what she heard the railroad employees say, which, upon objection, was ruled out, the court saying: "You can't bind the company by what one of its employees would say after an occurrence. I rule that the declarations of an agent, made in the due course of his agency, are binding upon the principal, but that the declarations of one of these employees after the event is not competent." To which exception was likewise taken.

At the close of the testimony, the defendant's counsel moved for a non-suit on three grounds: 1st. Because there was no evidence of negligence on the part of defendant. 2nd. Because if there was, there was none that such negligence was the cause of the injury complained of. 3rd. Because there was no evidence of any injury resulting from intestate's death which would entitle plaintiff to recover. The Circuit Judge granted the motion, for the reasons at first given orally and subsequently reduced to writing, where he says: "I granted the non-suit, principally upon the latter ground, remarking at the time that upon the question of negligence there might possibly be found a scintilla of evidence. But upon reflection I now think there was not even a scintilla of evidence." He then goes on to discuss the grounds upon which the motion was rested and reached the conclusion above stated.

From this judgment plaintiff gave notice of appeal upon the several grounds set out in the record, in which error is imputed to the Circuit Judge in refusing the application to read the testimony of the witness taken at the instance of the defendant; in rejecting the testimony as to the declarations of the railroad employees; and in holding that there was no evidence of negligence, and no evidence of any such injury as would entitle the plaintiff to recover.

When the "Case" for appeal was prepared and served, sundry amendments were proposed by respondent, and the Case being submitted to the Circuit Judge, he made an order in writing, allowing the proposed amendments, in which he took occasion to make the following remarks in reference to the two exceptions to his rulings in regard to the testimony: "After the train had passed the crossing some distance, a passenger, Permelia Daw-

kins, heard the train hands speak of the killing (at least, it was
so alleged), and the plaintiff's counsel proposed to ask the wit-
ness what these hands or employees said. I ruled that declara-
tions after the event made by employees were not admissible to
bind the company, not forming a part of the *res gestae*, and not
having (been) made in the due course of agency.

"The plaintiff's counsel, in the midst of the development of
his testimony, proposed to introduce the testimony of a Mrs.
Neighbors, which had been taken by a notary public, in accord-
ance with the act of 1883, by the defendant, to be used on the
trial for the defence. She had been examined and cross-exam-
ined by the counsel in the case. This was objected to by the
counsel for the defence. There was very little said—no argu-
ment of consequence—and I held it to be irregular at that time,
but stated that if the defendant's counsel should fail or refuse to
introduce it, the plaintiff could do so. The plaintiff's counsel
excepted, the evidence progressed, and the matter was not
again referred to. If, when the plaintiff closed and the defend-
ant moved for a non-suit, the request to introduce the evidence
had been renewed, it would have been granted. In fact, then
was the time to have made the request; but it was not made. I
would have made the suggestion again to the plaintiff's counsel,
as I had at first intimated, but supposed that my previous intima-
tion was understood, but that the counsel deemed it unimportant.

"At the time this motion was made, I regarded it equivalent
to a request that the plaintiff should at that stage have asked that
the defendant should introduce and examine a witness *in aid of
plaintiff's case*, and allow the plaintiff to cross-examine her, for
such would have been the practical effect of at that time reading
the testimony of a witness, who before the trial had been exam-
ined in chief by the defendant and cross-examined by the plain-
tiff. The true rule, as I understand it, when the written testi-
mony of a witness is in court, whether taken by commission or
otherwise, is that the opposing party can demand of the party in
whose behalf the evidence has been taken, to have the testimony
read in its regular order, and if he fails or declines to introduce
it, then the opposing party can do so. So likewise, if a non-suit
be moved for at the close of the plaintiff's case, he can call for

the additional written testimony before the motion is heard, if he deems it necessary to do so ; and such a request I would have granted."

To these remarks of the Circuit Judge, embraced in his order settling the Case, or "to the last mentioned decree of the presiding judge," as styled by counsel for appellant, the plaintiff served the following additional grounds of appeal, alleging that his honor erred : 1. In filing any decree whatever except as to the amendment of Brief proposed by defendant. 2. In stating additional facts not proposed by respondent and not embraced in report of stenographer.

It seems to us that there was neither error nor impropriety on the part of the Circuit Judge in taking occasion, when the Case was submitted to him for settlement, to explain fully what occurred in the tribunal whose judgment we are called upon to review, and to vindicate, if he sees fit to do so, the judgment appealed from. It is of the utmost importance that an appellate tribunal should be informed exactly how the questions presented arose, and when the opposing parties cannot agree, there must necessarily be some final arbiter, and the Circuit Judge has very properly been made such. Experience shows that even the notes of the stenographer cannot always be safely relied upon, and we are satisfied that in some cases the Circuit Judges have been greatly misrepresented—unintentionally, of course. So far, therefore, from the course pursued by the Circuit Judge being objectionable, we regard it as positively desirable, and would be glad to see it adopted whenever practicable, as we could then feel assured that we were reviewing what the Circuit Judge *actually* decided, and not what he is *represented*, sometimes incorrectly, to have decided.

We proceed, then, to a consideration of the grounds of appeal, and first, as to the propriety of rejecting the declarations of the railroad employees. There is no doubt as to the general rule that declarations of third persons are not admissible, and to bring these declarations within the exceptions to such rule, it would be necessary for the party proposing to use them to show, first, either that they were a part of the *res gestae*, or that they were made by some agent of the party against whom they are offered,

in the course of such agency.   It seems to us clear that, whether we take the statement from the stenographer's notes or from the remarks of the Circuit Judge in his order settling the Case, the plaintiff failed to lay the proper foundation for the admissibility of such declarations.   He did not show that they were a part of the *res gestae,* nor did he show that they were made by an agent in the course of his agency, and we think, therefore, that they were properly excluded.

Next, as to the refusal to allow the plaintiff to read the testimony of Mrs. Neighbors, taken under the provisions of the act of 1883 by a notary public.   Testimony so taken, so far as the present question is concerned, must be regarded as standing upon the same footing as that taken by a regular commission.   The act provides, "that in addition to the methods for taking testimony now provided by law," the mode provided for by the act may be resorted to.   This language seems to place testimony so taken in the same category with testimony taken by the other methods previously provided for, one of which was by commission, to which the mode prescribed in the act is very similar, and should therefore, as far as practicable, be governed by the same rules.   The rule in reference to testimony taken by commission was laid down in the case of *Walton* v. *Bostick* (1 *Brev.,* 162), in the following language: "Where parties join in a commission to take the examination of witnesses, and the commission is returned into court, either party may move for publication, and neither can object to it.   Both have an interest in the evidence thus procured; and the court having possession of it, will allow both parties the benefit of it."   This rule was subsequently recognized in *Pulaski* v. *Ward* (2 *Rich.,* 119), and seems to be now well settled, as we know of no case in which it has been questioned.

This being the rule, the practical inquiry is, whether it was violated in this case.   Although the Circuit Judge seems to have recognized the rule, yet we think he erred in its application. According to his view the plaintiff had no right to avail himself of the testimony until after the defendant had manifested an intention not to use it, either by moving for a non-suit, or by declining to introduce it when it came his turn to offer testimony.

This view is based upon the assumption that the party, at whose instance the testimony has been taken, has the prior and superior right to use it, and that the right of his adversary does not arise until he has declined or waived his prior right. We know of no authority for such a qualification of the rule. It certainly cannot be found in the terms of the rule, as stated in the case cited, where it was formulated in a distinct resolution, indicating that it was carefully prepared and fully stated. On the contrary, the language used—"*either* may move for publication, and *neither* can object to it. *Both* have an interest in the evidence thus procured ; and the court having possession of it, will allow *both* parties the benefit of it ;"—so far from implying that either has the prior or superior right, would rather seem to place *both* on the same footing. But, in addition to this, such a qualification of the rule might, under the rules of evidence respecting the reply, wholly exclude a party from the use of the testimony embraced in a commission. It might be that a plaintiff, relying on the rule, would go to trial expecting to prove some primal fact in his case by the testimony contained in the commission, and if the defendant should decline to read the commission, and offer no testimony as to such fact, then, under the rules regulating the reply in evidence, the plaintiff would be wholly excluded from the benefit of the testimony taken by commission, although the rule distinctly declares him entitled to the benefit of it.

Again, we can see no good reason why the application of a plaintiff to publish a commission, if made before a motion for non-suit is submitted, should be refused, and yet granted after such motion is made. Indeed, subject to the right of the court to determine whether certain testimony is competent before certain preliminary facts are established, and subject to the rule regulating the reply, we are not aware of any authority on the part of the court to prescribe the order in which a party shall adduce his testimony, or at what stage of the case any competent testimony shall be introduced. On the contrary, that is a matter which should more properly be left to the discretion and judgment of the party or his counsel. The case of *Mathews* v. *Heyward* (2 *S. C.*, 239), cited by counsel for respondents, and the authorities therein referred to, together with the subsequent

cases of *State* v. *Clyburn* (16 *S. C.*, 375), and *Shepperd* v. *Traders' National Bank of Boston* (23 *Id.*, 601), only decide that it is within the discretion of the Circuit Judge to permit the introduction of additional testimony, in furtherance of justice, at any stage of the trial ; but they do not establish the right of the Circuit Judge to prescribe at what time and in what order a party must adduce his testimony.

We think, therefore, that the Circuit Judge erred in the application of the rule by qualifying it as he did, and for this reason the case must go back for a new trial.   For it is quite clear that the plaintiff's counsel was not allowed to introduce the written testimony of Mrs. Neighbors at the time he desired to do so, and when, in our judgment, he was entitled to introduce it, although it now appears, from the remarks of the Circuit Judge in the order settling the Case, that he would have been allowed the privilege of offering this testimony *after* the motion for non-suit had been made, if he had *then* made the application.   In addition to the fact that we think the judge erred in ruling that the testimony could not be offered until after the motion for non-suit had been made, it is quite manifest, from the statement contained in the stenographer's notes, that the counsel supposed, and had good reason to suppose, that under the ruling of the judge he would not be permitted to offer the testimony until after the defendant had closed his case without using it, although it now appears that the ruling of the judge really was that he might offer the testimony after the defendant had manifested an intention not to use it by making the motion for non-suit.   So that, by reason of the erroneous qualification of the rule the plaintiff was in fact deprived of a substantial legal right.

Under this view it is not necessary, and would be scarcely proper, to enter into any discussion of the grounds upon which the motion for a non-suit was based, as it would be merely a speculative discussion ; for upon a new trial the evidence, as to these points, may be of an entirely different character.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded to that court for a new trial.